E-FILED
Tuesday, 05 July, 2016  11:20:16 AM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

ZACHARY M. VINCENT,

    Plaintiff,

v.

UNITED STATES OF AMERICA,

    Defendant.

No. 2:16-cv-02177-SLD

ORDER

Zachary Vincent has filed a motion under 28 U.S.C. § 2255, in which he contends that the Supreme Court's recent decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015), entitles him to post-conviction relief in the form of a shorter prison sentence. *Johnson* does not apply to Vincent's offenses of conviction.[1] The motion is therefore DENIED[2] upon review pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings.

    a.    **Background**

A grand jury returned a four-count indictment that charged Vincent with distribution of child pornography (Counts 1, 2) receipt of child pornography (Count 3), in violation of 18 U.S.C. § 2252A(a)(2)(A) and (b)(1), and possession of child pornography (Count 4), in violation of 18 U.S.C. 2252A(a)(5)(B) and (b)(2). Indictment 1–3, Cr. ECF No. 8. Vincent pleaded guilty to all counts of the indictment before a magistrate judge on August 2, 2013, and the district judge subsequently approved the plea in a written order. Cr. ECF No. 21. While Vincent pleaded

---

[1] Citations to docket entries in Vincent's section 2255 proceeding will take the form: ECF No. __. Citations to docket entries in Vincent's underlying criminal matter, *United States v. Vincent*, No. Crpedm52-MPM-DGB-1, take the form Cr. ECF No. __.

[2] Vincent has also filed a motion for leave to proceed in forma pauperis, ECF No. 2; a motion for leave to order transcripts, ECF No. 3; and a motion for leave to file a memorandum in support of his § 2255 motion, ECF No. 4. Those motions are MOOT in light of the resolution of Vincent's § 2255 motion.

1

guilty pursuant to an agreement with the Government under Federal Rule of Criminal Procedure 11(c)(1)(C), a "closed plea," the parties agreed that four enhancements for various specific offense characteristics related to the manner in which he committed his crime.[3]  Plea Agreement 9, CR ECF No. 14.

Vincent was sentenced on December 6, 2013, to three 121-month terms of imprisonment and one 120-month term of imprisonment, all to run concurrently J. 2, Cr. ECF No. 25, at the bottom of the applicable guidelines range of 121–151 months, Revised Presentence Investigation Report ("PSR") ¶ 59, Cr. ECF No. 23.  Vincent did not file a direct appeal, and did not (until now) file a § 2255 motion attacking the plea or sentence.

    b.    **Analysis**

Section 2255 permits a federal prisoner to challenge the legality of his sentence.  The statute has a "1-year period of limitation," 28 U.S.C. § 2255(f), although there is an exception for motions asserting newly recognized rights; those motions must be filed within one year from "the date the right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review," *id.* § 2255(f)(3).  Any challenge other than one based on the *Johnson* case is now time barred because Vincent's conviction became final in January 2014 and he filed this motion in June 2016.

*Johnson* holds that the "residual clause" of the Armed Career Criminal Act ("ACCA") is unconstitutionally vague.  135 S. Ct. at 2563.  The ACCA imposes a fifteen year minimum prison sentence for violations of 18 U.S.C. § 922(g) (criminalizing possession of firearms by convicted felons) if the defendant has been previously convicted of at least three violent felonies or serious drug offenses.  18 U.S.C. § 924(e)(1).  The portion of the law struck down by *Johnson*,

---

[3] The specific offense characteristics included in the PSR's offense level calculation include those found in U.S.S.G. §§ 2G2.2(b)(2), (3)(B), (4), and (7).

emphasized below, stated that "violent felony" included any crime that "is burglary, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another.*" 18 U.S.C. § 924(e)(2)(B)(ii) (emphasis added).

Before *Johnson*, a federal court determining whether a previous conviction fell within the ACCA's residual clause first had to imagine the "ordinary case of a crime," and then determine whether that ordinary case "presents a serious potential risk of physical injury" by comparing the generic offense to the immediately adjacent list of crimes. 135 S. Ct. at 2557 (citing *James v. United States*, 550 U.S. 192, 208 (2007)). The Court found both steps problematic, and also described the statute as "hopelessly indetermina[te]" because the Court had tried and failed over the course of five separate cases to craft a workable standard for interpreting and applying the residual clause. *See id.* at 2557–60.

The relevant substantive portion of § 2252A proscribes the knowing receipt or distribution of

> [A]ny child pornography that has been mailed, or using any means or facility of interstate or foreign commerce shipped or transported in or affecting interstate or foreign commerce by any means, including by computer . . . .

18 U.S.C. § 2252A(a)(2)(A). Section 2252A(b), the sentencing provision relevant to this case, includes a five year mandatory minimum sentence for violations of subsection (a)(2), and ratchets that statutory minimum to fifteen years if the defendant has been previously convicted of any one of a list of qualifying sex offenses. *See* 18 U.S.C. § 2252A(b).

The statute does not suffer from the same flaws that the Supreme Court identified in *Johnson*.[4] Section 2252A(a)(2)(A) does not require a sentencing court to determine the ordinary

---

[4] It is worth noting that various federal courts of appeals have uniformly rejected vagueness challenges to materially similar portions of an analogous child pornography statute, 18 U.S.C. § 2252. *See, e.g.*, *United States v. Silva*, 794 F.3d 173, 177 (1st Cir. 2015); *United States v. Adams*, 343 F.3d 1024, 1034–36 (9th Cir. 2003); *United States v. Whiting*, 165 F.3d 631, 634 (8th Cir. 1999).

3

case of a child pornography crime. Neither does § 2252A(a)(2)(A) require a sentencing court to analogize a generic child pornography crime to a list of unrelated sexual exploitation offenses in order to gauge the level of risk or harm associated with the defendant's crime of conviction.[5] Finally, there has not been a similar string of cases that have struggled to assign meaning to any portion of the statute—a factor that heavily influenced the result in *Johnson*. *See* 135 S. Ct. at 2560.

Section 2252A(b)(1)'s five year mandatory minimum is imposed automatically; it does not require a sentencing court to exercise any discretion or apply any analysis in the event of a conviction under subsection (a)(2)(A), and thus *Johnson* has no impact on its operation. Vincent was not subjected to § 2252A(b)(1)'s fifteen-year mandatory minimum, *see* PSR ¶ 57, and he therefore lacks standing to challenge the constitutionality of that portion of the statute. *See United States v. Muick*, 167 F.3d 1162, 1166–67 (7th Cir. 1999).

Accordingly, Vincent's post-conviction challenge is limited to the application of *Johnson*'s holding to his case, and for reasons stated above, *Johnson* has no effect on the constitutionality of 18 U.S.C. § 2252A(a)(2)(A).

c.  **Conclusion**

Vincent's motion under 28 U.S.C. § 2255, ECF No. 1, is DENIED. The associated motions on the docket, ECF Nos. 2, 3, and 4, are DENIED AS MOOT. The Clerk is directed to close the case.

Entered July 5, 2016.

---

[5] Under current Seventh Circuit case law, the sentencing guidelines are not subject to vagueness challenges. *See United States v. Tichenor*, 683 F.3d 358, 364 (7th Cir. 2012) ("[W]e have categorically held that the Guidelines are not susceptible to attack under the vagueness doctrine."). *But see United States v. Madrid*, 805 F.3d 1204, 1210 n.9 (10th Cir. 2015) (explaining why *Peugh v. United States*, 133 S. Ct. 2072 (2013), calls the Seventh Circuit's rule into question). Even if a guidelines-based challenge is proper, however, Vincent's motion as it relates to the specific offense characteristic enhancements fails for the same reasons his challenge to § 2252A fails: the relevant guidelines and the cases that interpret them simply do not admit the same problems identified by the *Johnson* case.

 

                                                                    s/ Sara Darrow
                                                       SARA DARROW
                                    UNITED STATES DISTRICT JUDGE